SC

WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morris Cooper, | No.   CV 22-00231-PHX-JAT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| John Doe Officer, et al., | |
| Defendants. | |

Plaintiff Morris Cooper, who is confined in the Atlantic County Justice Facility, New Jersey,[1] filed a "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act 42 U.S.C. § 1983" ("Complaint") (Doc. 1)[2] and a New Jersey Application to Proceed Without Prepayment of Fees and Affidavit (Doc. 2).  The Court denied Plaintiff's Application to Proceed with leave to file a new Application using this Court's approved form and dismissed the Complaint with leave to file an amended complaint using this Court's approved form (Doc. 5).  Plaintiff filed a new Application to Proceed In Forma Pauperis and a First Amended Complaint.  In an April 15, 2022 Order, the Court granted Plaintiff's Application but dismissed the First Amended Complaint for failure to state a claim with leave to file an amended complaint within 30 days (Doc. 10).  Plaintiff has filed

---

[1]  The Complaint's caption is for the United States District Court for the District of New Jersey, but the events at issue occurred in Maricopa County, Arizona, and the Defendants are Arizona police officers.

[2]  The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

a Second Amended Complaint (Doc. 12).  The Court will dismiss the Second Amended Complaint with leave to amend.

## I.        Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551

1  U.S. 89, 94 (2007) (per curiam)).

2  If the Court determines that a pleading could be cured by the allegation of other

3  facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

4  of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

5  Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim, but

6  because it may possibly be amended to state a claim, the Court will dismiss it with leave

7  to amend.

8  **II.   Second Amended Complaint**

9  In his one-count Complaint, Plaintiff alleges a claim for false arrest. Plaintiff sues

10  Officer John Doe 1 and Detective John Doe 2. Plaintiff seeks compensatory and punitive

11  relief. Plaintiff alleges the following facts:

12  On December 27, 2020, a Sunday, Plaintiff was arrested for arson involving a fire

13  in the home of his child's mother (hereafter, "Mother"). The home had surveillance

14  cameras "surrounding the outside of the residence." (Doc. 12 at 4.) Mother falsely reported

15  that Plaintiff had tried to set fire to the home from the outside and while she was inside the

16  house. A fire investigator who came to the scene notified "officers" that the fire had started

17  inside the home. (*Id.*) Mother informed "the officers" of Plaintiff's whereabouts and he

18  was arrested. (*Id.*) Before arresting Plaintiff, "[t]he officers" reviewed surveillance

19  footage without seeing Plaintiff "committing any crime," but nevertheless arrested Plaintiff

20  based on Mother's report that Plaintiff had started the fire from outside the home. (*Id.*)

21  Plaintiff was held for more than a week before the criminal charges against him were

22  dismissed.

23  At the time of his arrest, Plaintiff had outstanding arrest warrants in Texas under an

24  alias; the officers were unaware of the warrants when they arrested Plaintiff. Arizona

25  authorities learned of the outstanding Texas warrants only after Plaintiff's fingerprints were

26  entered into the electronic system following his arrest.

27  Plaintiff claims that despite Mother's claim that Plaintiff had started the fire from

28  outside the home, the officers lacked probable cause to arrest him because Plaintiff was not

viewed on the surveillance footage "committing arson" outside the home and a fire investigator determined that the fire started inside the home.  (*Id.* at 5.)

**Background**

According to information available on-line, Plaintiff was charged in two cases in Maricopa County Superior Court, CR 2020-004045 and CR 2020-04049.[3]  On January 6, 2021, a "Fugitive from Justice Initial Hearing" was held in both cases.[4]  Plaintiff refused to waive extradition at that hearing.  On January 27, 2021, a "Fugitive from Justice 30 day Hearing/Waiver of Extradition" hearing was held, i.e., 30 days after his arrest.[5]  After being informed of the two outstanding Texas warrants, and Texas' willingness to seek Plaintiff's extradition, Plaintiff signed a waiver of extradition, and the Maricopa County Sheriff's Office was ordered to inform Texas authorities.  The court gave Texas authorities 30 days from the date of notification to extradite Plaintiff.

**III.    Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

A claim for false arrest and imprisonment concerns detention without legal process, which ends once a defendant is held pursuant to legal process, i.e., arraigned or indicted.

---

[3]    *See*    https://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/ caseSearchResults.asp?lastName=Cooper&FirstName=Morris (last accessed June 29, 2022).

[4]    *See* http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Criminal/012021/ m9411115.pdf (last accessed June 29, 2022).

[5]    *See* http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Criminal/022021/ m9436821.pdf (last accessed June 29, 2022).

*Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).  Thereafter, "unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution," which remedies the wrongful institution of legal process.  *Id.*  at 1096 (citations omitted).  Thus, a claim for false arrest or imprisonment covers the period from the time of detention until issuance of process, but no later.  *Id.*  Thereafter, any damages recoverable must be based on a malicious prosecution claim or wrongful use of judicial process rather than the detention itself.  *Id.*

To state a § 1983 claim for false arrest, a plaintiff must allege there was no probable cause for his arrest.  *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)).  Probable cause "exists 'when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime.'"  *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (citing *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)).  With respect to a warrantless arrest, a judicial determination of probable cause is required "as a prerequisite to extended restraint on liberty following arrest."  *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975).  A probable cause determination under *Gerstein* must be made by a neutral magistrate, but an adversary hearing is not required.  *Id.*  Alternatively, a grand jury indictment may be sufficient to establish the existence of probable cause for a warrantless arrest. *See Kalina v. Fletcher*, 522 U.S. 118 (1997).

Plaintiff's arrest appears to have been warrantless and he does not allege, nor does it otherwise appear, that he was indicted or that a neutral magistrate made a probable cause determination following Plaintiff's arrest.  Given the Christmas holiday on Friday, December 25, 2020, followed by the New Year's holiday on Friday, January 1, 2021, in addition to the exigencies posed by the COVID-19 pandemic, a hearing before a neutral magistrate may well have been delayed.  In any event, it appears that no magistrate found probable cause to continue holding Plaintiff on any local charge.  Instead, Plaintiff's continued detention was based upon the outstanding Texas warrants.

It thus appears that Plaintiff may be able to state a claim against the arresting officers.  However, Plaintiff does not allege the entity for which either Doe Defendant worked, e.g., the City of Phoenix Police Department, the Maricopa County Sheriff's Office, or some other law enforcement entity.  Plaintiff's allegations are ambiguous about whether Plaintiff appeared on any of the surveillance footage, or whether the footage reflected Plaintiff's presence outside the home, but not either entering the home or starting a fire outside the home.  Plaintiff also fails to allege the scope of the surveillance footage.  That is, was surveillance triggered by motion or was there continuous surveillance footage, and whether there was surveillance footage for every window and door through which the home could have been entered.  Likewise, Plaintiff does not allege when the fire investigator concluded that the fire began in the home, whether his conclusion was final, and when he told the Doe Defendants that the fire began inside the residence.

For the reasons discussed, the Court will dismiss the Second Amended Complaint.  However, because Plaintiff may be able to amend the Second Amended Complaint to state a claim, the Court will dismiss it with leave to amend.  In a third amended complaint, Plaintiff should indicate the agency for which the Doe Defendants worked and address the issues discussed above.

**IV.    Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a third amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint."  The third amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or prior Amended Complaints by reference.  Plaintiff may include only one

1   claim per count.

2       A third amended complaint supersedes the original Complaint and prior Amended

3   Complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios*

4   *v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court

5   will treat the original Complaint and prior Amended Complaints as nonexistent.  *Ferdik*,

6   963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or a prior

7   Amended Complaint and that was voluntarily dismissed or was dismissed without

8   prejudice is waived if it is not alleged in a third amended complaint.  *Lacey v. Maricopa*

9   *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

10  **V.    Warnings**

11      **A.    Release**

12      If Plaintiff is released while this case remains pending, and the filing fee has not

13  been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court

14  that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

15  (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may

16  result in dismissal of this action.

17      **B.    Address Changes**

18      Plaintiff must file and serve a notice of a change of address in accordance with Rule

19  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

20  relief with a notice of change of address.  Failure to comply may result in dismissal of this

21  action.

22      **C.    Possible "Strike"**

23      Because the Second Amended Complaint has been dismissed for failure to state a

24  claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies

25  identified in this Order, the dismissal may count as a "strike" under the "3-strikes"

26  provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring

27  a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the

28  prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   The Second Amended Complaint (Doc. 12) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

(2)   If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(3)   The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 11th day of July, 2022.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

Phoenix & Prescott Divisions:      **OR**      Tucson Division:
U.S. District Court Clerk                                    U.S. District Court Clerk
U.S. Courthouse, Suite 130                              U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10           405 West Congress Street
Phoenix, Arizona   85003-2119                      Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

   A certificate of service should be in the following form:

   I hereby certify that a copy of the foregoing document was mailed
   this _____ (month, day, year) to:
   Name:   _____
   Address:_____
                 Attorney for Defendant(s)

   _____
   (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

(Full Name of Plaintiff)


                    Plaintiff,

v.

(1) _____ ,

(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                 Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____

(To be supplied by the Clerk)


**CIVIL RIGHTS COMPLAINT
BY A PRISONER**


☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
       ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
       ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
       ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.    Name of first Defendant: _____.   The first Defendant is employed as: _____ at_____.
(Position and Title)                                                                      (Institution)

2.    Name of second Defendant: _____.   The second Defendant is employed as: as: _____ at_____.
(Position and Title)                                                                      (Institution)

3.    Name of third Defendant: _____.   The third Defendant is employed as: _____ at_____.
(Position and Title)                                                                      (Institution)

4.    Name of fourth Defendant: _____.   The fourth Defendant is employed as: _____ at_____.
(Position and Title)                                                                      (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.    Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.    If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a.   First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:   _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

   b.   Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:   _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

   c.   Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:   _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
 ☐ Basic necessities  ☐ Mail   ☐ Access to the court ☐ Medical care
 ☐ Disciplinary proceedings ☐ Property  ☐ Exercise of religion ☐ Retaliation
 ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
 a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
 b. Did you submit a request for administrative relief on Count I? ☐ Yes ☐ No
 c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☐ No
 d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail             ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes        ☐ No
      b.    Did you submit a request for administrative relief on Count II?           ☐ Yes        ☐ No
      c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes        ☐ No
      d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

4

## COUNT III

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail                    ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes     ☐ No
    b.    Did you submit a request for administrative relief on Count III?           ☐ Yes     ☐ No
    c.    Did you appeal your request for relief on Count III to the highest level?    ☐ Yes     ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____ .


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                            DATE                                            SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.